IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| PHILDER DAMBREVILLE, ) | Case No. 4:25-cv-00514-SMR-SBJ |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | ORDER ON MOTION FOR |
| KRISTI NOEM, in her official capacity as ) | TEMPORARY RESTRAINING ORDER |
| Secretary of the Department of Homeland ) | |
| Security, DEPARTMENT OF HOMELAND ) | |
| SECURITY, PAM BONDI, in her official ) | |
| capacity as United States Attorney General, ) | |
| EXECUTIVE OFFICE FOR ) | |
| IMMIGRATION REVIEW, SIRCE OWEN, ) | |
| in her official capacity as Director of ) | |
| Executive Office for Immigration Review, ) | |
| OMAHA IMMIGRATION COURT, ) | |
| DAVID EASTERWOOD, in his official ) | |
| capacity as Director of St. Paul ICE Field ) | |
| Office, TODD M. LYONS, in his official ) | |
| capacity as Acting Director of Immigration ) | |
| and Customs Enforcement, IMMIGRATION ) | |
| AND CUSTOMS ENFORCEMENT, CORY ) | |
| WILLIAMS, Polk County Jail ) | |
| Administrator, and KEVIN SCHNEIDER, ) | |
| Polk County Sheriff, ) | |
| ) | |
| Respondents. ) | |

Petitioner Philder Dambreville moves for a temporary restraining order to preserve the status quo pending a hearing on his petition for writ of habeas corpus. [ECF No. 2 ¶¶ 2–5]. The Court has reviewed the petition, the motion for temporary restraining order, and the affidavit of counsel. [ECF Nos. 1, 2, 2-1] (sealed).

After considering the *Dataphase* factors, the Court concludes that preserving the status quo pending a hearing is appropriate. *See Dataphase Sys. Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th

Cir. 1981). Petitioner's claims raise substantial questions concerning the application of regulations governing the availability of a bond hearing. *See* 8 U.S.C. §§ 1225(b), 1226(a). The balance of equities favors temporary relief to prevent irreparable harm pending full consideration of the merits.

IT IS THEREFORE ORDERED:

1. Respondents are temporarily restrained from entering a final order of removal against Petitioner until this Court has ruled on the petition for writ of habeas corpus.

2. Respondents are temporarily restrained from transferring Petitioner outside the Southern District of Iowa.[1]

3. The bond requirement under Federal Rule of Civil Procedure 65(c) is waived.

4. A hearing on Petitioner's motion for preliminary injunction is set for **January 7, 2026, at 1:30 pm.** Respondents shall take all steps necessary to ensure Petitioner's presence at this hearing.

5. Petitioner's counsel shall notify the Court by December 31, 2025, whether Petitioner requires an interpreter for the January 7, 2026, hearing and, if so, what language is needed.

6. Respondents shall show cause in writing by **January 5, 2026, at 5:00 pm**, why this temporary restraining order should not be converted to a preliminary injunction.

IT IS SO ORDERED.

Dated this 30th day of December, 2025.

_____
STEPHANIE M. ROSE, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] The Petitioner makes contradictory assertions regarding his current location. *See* [ECF No. 1 ¶ 2] (stating that Petitioner is detained at the Polk County Jail); [ECF No. 2 ¶ 31] (stating that Petitioner is detained at the Dakota County Jail). As of December 30, 2025, the U.S. Immigration and Customs Enforcement Online Detainee Locator indicates that there is a "Philder Dambreville" currently detained at the Polk County Jail in Des Moines, Iowa. *See U.S. Immigration and Customs Enforcement*, Online Detainee Locator System, https://locator.ice.gov/odls/#/search (last accessed December 30, 2025). As such, the Court believes it has jurisdiction to entertain the merits of this case and enter such an order.