IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| PHILDER DAMBREVILLE, | ) | Case No. 4:25-cv-00514-SMR-SBJ |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER ON MOTION FOR SHOW |
| | ) | CAUSE ORDER |
| KRISTI NOEM, in her official capacity as | ) | |
| Secretary of the United States Department of | ) | |
| Homeland Security, PAMELA BONDI, in | ) | |
| her official capacity as United States | ) | |
| Attorney General, SIRCE OWEN, in her | ) | |
| official capacity as Director of Executive | ) | |
| Office for Immigration Review, TODD | ) | |
| LYONS, in his official capacity as Director | ) | |
| of Immigration and Customs Enforcement, | ) | |
| DAVID EASTERWOOD, in his official | ) | |
| capacity as St. Paul ICE Field Office | ) | |
| Director, CORY WILLIAMS, in his official | ) | |
| capacity as Polk County Jail Administrator, | ) | |
| and KEVIN SCHNEIDER, in his official | ) | |
| capacity as Polk County Sheriff, | ) | |
| | ) | |
| Respondents. | ) | |

The Court has considered Petitioner's Application for an Order to Show Cause, Respondents' response, and the record in this case. For the reasons stated below, the motion is DENIED. [ECF No. 17].

On January 12, 2026, the Court ordered Respondents to provide Petitioner with a bond hearing before an Immigration Judge within seven days. [ECF No. 16 at 10]. The Court specified that "at the bond hearing, the Government must prove by clear and convincing evidence that Petitioner's continued detention is warranted based on flight risk or dangerousness." *Id.* The Court directed that the hearing be conducted under 8 U.S.C. § 1226(a). *Id.*

1

The Immigration Judge held the bond hearing on January 14, 2026, as directed.  The written decision confirms that the hearing was held pursuant to this Court's order and that the burden of proof was on the Government.  [ECF No. 18-1].  The Immigration Judge found Petitioner to be a danger to the community based on his criminal history and, alternatively, a flight risk based on his limited time in the United States, limited ties to the country, speculative relief prospects, and proven history of violating the law.  *Id.*  The Immigration Judge ordered Petitioner detained without bond and advised him of his right to appeal to the Board of Immigration Appeals.  *Id.*

Petitioner now moves for an order to show cause, arguing the Immigration Judge failed to apply the clear and convincing evidence standard and that no evidence could support continued detention.  He requests Respondents be held in contempt and that he be released immediately.

Petitioner has not established grounds for civil contempt.  Civil contempt requires a knowing violation of a clear and specific court order.  *In re Reed*, 888 F.3d 930, 936 (8th Cir. 2018).  Petitioner bears the burden of proving the violation by clear and convincing evidence. *Chi. Truck Drivers v. Brotherhood Labor Leasing*, 207 F.3d 500, 504 (8th Cir. 2000).  The record does not support such a finding.

The Immigration Judge's written order expressly acknowledges that the hearing was held pursuant to this Court's directive and that "[t]he district court also ordered that the burden be placed upon DHS."  [ECF No. 18-1].  Petitioner argues the Immigration Judge failed to comply because the written order does not specify what standard of proof was applied.  But speculation about what the Immigration Judge may have been thinking is not clear and convincing evidence of contempt. Judges are presumed to know and apply the law.  *See Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1072 n.3 (9th Cir. 2010); *United States v. Gonzalez*, 434 F. App'x 570, 571 (8th Cir. 2011) (per curiam).  Nothing in the record rebuts that presumption.

Petitioner relies on the Immigration Judge's oral remark that "[r]egardless of whose burden it is," she found Petitioner to be both a flight risk and a danger to the community. [ECF No. 19-1 at 4]. That statement, standing alone, does not establish that the Immigration Judge applied the wrong standard. The record confirms the Immigration Judge applied the correct standard.

The transcript shows that Petitioner's counsel informed the Immigration Judge of the Court's order placing the burden on the Government. *Id*. at 3. The Immigration Judge acknowledged that the Government must prove continued detention by clear and convincing evidence. The Immigration Judge's written order then confirmed that the Government bore the burden. [ECF No. 18-1]. Judges need not recite every legal standard with intricate specificity. *United States v. Walker*, No. 23-2133, 2024 WL 3422964, at *3 (8th Cir. July 16, 2024) (per curiam) (district courts need not mechanically recite each sentencing factor). There is no reason to believe the Immigration Judge did not comply with the Court's order. The argument to the contrary is speculative.

A deeper problem is that Petitioner seeks an end run around administrative review. The bulk of his argument challenges the sufficiency of the evidence supporting the Immigration Judge's decision. He contends the Government's evidence "could not, as a matter of law, establish that Mr. Dambreville was a risk of flight or danger to the community." [ECF No. 17 at 5–6]. He takes issue with how the Immigration Judge weighed factors like Petitioner's length of residence, family ties, and criminal history. *Id*. at 6–8.

These challenges go to the merits of the Immigration Judge's findings. They belong before the Board of Immigration Appeals, not in a contempt motion. Federal law provides Petitioner a remedy: he may appeal the Immigration Judge's decision to the BIA. *See Johnson v. Guzman*

*Chavez*, 594 U.S. 523, 527–28 (2021); 8 C.F.R. §§ 1003.19(f), 1236.1(d)(3)(i).  Contempt is not a vehicle for second-guessing an Immigration Judge.

As the Court previously held, Section 1226(e) confines judicial review to ensuring that petitioners receive the procedural protections Congress required—not to reviewing the merits of Executive detention decisions.  [ECF No. 16 at 9].  Petitioner received the procedural protection the Court ordered: a bond hearing where the Government bore the burden of proof.  The Court will not now assume the role of appellate reviewer of the Immigration Judge's decision through the guise of a contempt motion.

The cases Petitioner cites ordering release of immigration detainees are inapposite.  [ECF No. 17 at 9].  Those cases involved direct habeas relief, not contempt sanctions.  They do not support using contempt proceedings to challenge an Immigration Judge's exercise of discretion in weighing bond factors.

Petitioner's motion raises other concerns that likely support denial as well.  The Immigration Judge is not a party to this case and acted in a judicial capacity when presiding over the bond hearing.  Some courts have held that Immigration Judges are entitled to judicial immunity, shielding them from liability even for erroneous decisions.  *See Stevens v. Osuna*, 877 F.3d 1293, 1301 (11th Cir. 2017); *see also Butz v. Economou*, 438 U.S. 478, 512–13 (1978) (extending judicial immunity to administrative law judges).  Petitioner does not allege that any named Respondent directed the Immigration Judge's decision-making—nor could he, given that immigration judges must "exercise their independent judgment and discretion."  8 C.F.R. § 1003.10(b).  The Court need not resolve these issues, however, because the motion fails on its primary premise.

The motion for an order to show cause is DENIED.  [ECF No. 17].  No evidentiary hearing is necessary.  If Petitioner believes the Immigration Judge erred in weighing the evidence or applying the law, his remedy is an appeal to the Board of Immigration Appeals.

IT IS SO ORDERED.

Dated this 28th day of January, 2026.

_____
STEPHANIE M. ROSE, CHIEF JUDGE
UNITED STATES DISTRICT COURT